CHARLES RUGARBER, APPELLANT, v. ELLIS G. POTTER
AND FREDERICK F. COLEMAN, RESPONDENTS.

Submitted March 23, 1914—Decided June 15, 1914.

A contractor made repairs and alterations to a theatre building under
a verbal contract with the lessee thereof. Subsequently the lessee
and owner entered into a written agreement by which the latter
assumed "all legal enforceable valid mechanics' liens for labor
and material used in the addition or alteration of the said theatre
building." The contractor not having been paid for such repairs
and alterations by the lessee, sued the lessor upon his contract of
assumption, claiming that it was made for his (the contractor's)
benefit, and that, therefore, he could maintain an action upon it
under section 23 of the Practice act of 1903. *Comp. Stat., p.*
4059. *Held,* that the proofs showed that the contractor did not
have an enforceable lien against the theatre building; that, con-
sequently, the contract of the lessor with the lessee was not made
for his benefit, and that he could not maintain an action upon it.

On appeal from Monmouth Circuit Court.

For the appellant, *Frank Durand*

For the respondents, *Charles E. Cook* and *Wilbur A. Heis-
ley.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Coleman was the owner of a
piece of property in Asbury Park known as the Criterion
theater. Potter was his lessee, and as such made considerable
repairs to and alterations in the building: the plaintiff,
Rugarber, being the contractor who did the work and fur-
nished the material. He did this under a verbal contract
entered into between him and Potter in May, 1912. In July
of that year Coleman and Potter entered into an agreement
in writing, by the terms of which Potter agreed to pay Cole-
man $500 in cash, and to appropriate the receipts from the
theater to the making of certain other payments provided in

the agreement; and Coleman on his part assumed "all legal enforceable valid mechanics' liens for labor and material used in the addition or alteration of the said theater building."

The plaintiff sought to hold Potter upon the verbal contract made with him, and to hold Coleman upon the written agreement of July, 1912, made by. the latter with Potter; plaintiff's claim being that this agreement was made for his benefit, and that, therefore, under section 28 of the Practice act of 1903 (Comp. Stat., p. 4059), which provides that "any person for whose benefit a contract is made, whether such contract be under seal, or not, may maintain an action thereon in any court," he was entitled to a judgment against him. Potter was a non-resident, and was not brought into court by the service of process upon him, and the suit proceed against Coleman alone. At the close of the plaintiff's case, the facts recited having been proved, a nonsuit was ordered upon the ground that the contract between Potter and Coleman was not made for the benefit of plaintiff, and that, therefore, the case did not come within the section of the Practice act on which he relied. The present appeal is taken to test the validity of the nonsuit.

We think the nonsuit was properly directed. By the agreement between Coleman and Potter the former assumed "all legal enforceable and valid mechanics' liens for labor and material used in the addition or alteration of the theater." Unless, therefore, the plaintiff had a legal enforceable and valid mechanics' lien upon the theater property, his claim was not within the class of obligations which Coleman contracted to pay. That he did not have such a lien, so far as the proofs in the case disclose, is manifest. The debt which is the foundation of his action arose out of a contract made by him with Potter, the lessee of the theater, for certain repairs to and alterations therein. The tenth section of the Mechanics' Lien law (Comp. Stat., p. 3301) provides that a contractor who has done work or furnished materials in the repairing or alteration of a building, shall have a lien thereon for such work done and materials furnished in case the debt is contracted by the owner of the building, or by any

other person with the consent of the owner in writing, and not otherwise. As has already been stated the debt due to plaintiff was contracted by Potter, the lessee, not by Coleman, the owner, and there is no suggestion in the proofs submitted by the plaintiff that the repairs and alterations ordered by Potter were made even with the verbal consent of Coleman, much less that they were consented to in writing by him.

It follows that, as the contract between Potter and Coleman was not made for the benefit of the plaintiff, he has no right to the advantage conferred by the twenty-eighth section of the Practice act, and that the judgment of nonsuit must be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Bergen, Kalisch, Bogert, Vredenburgh, White, Heppenheimer, JJ. 11.

*For reversal*—None.